# COPY

1  Jonathan D. Selbin (CA Bar No. 170222)
   jselbin@lchb.com
2  LIEFF, CABRASER, HEIMANN
    & BERNSTEIN, LLP
3  780 Third Avenue, 48th Floor
   New York, NY 10017-2024
4  Telephone: (212) 355-9500
   Facsimile: (212) 355-9592
5
6  Kristen E. Law (CA Bar No. 222249)
   Nimish R. Desai (CA Bar No. 244953)
7  LIEFF, CABRASER, HEIMANN
    & BERNSTEIN, LLP
8  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
9  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
10
11 *Attorneys for Plaintiffs*
12 [Additional Counsel on Signature Page]
13            UNITED STATES DISTRICT COURT
14            CENTRAL DISTRICT OF CALIFORNIA
15 ROBERTA and EDWARD PIFER,        Case No.
   Individually and on Behalf of All Others   **CV08-07486** PSG AJWx
16 Similarly Situated,
                                    CLASS ACTION COMPLAINT
17            Plaintiffs,
                                    (1) UNLAWFUL ASSESSMENT OF
18      v.                          LIQUIDATED DAMAGES, CAL.
                                    CIV. CODE § 1671(d)
19 DIRECTV, INC.; THE DIRECTV
   GROUP, INC.; DIRECTV            (2) VIOLATION OF CAL. CIV. CODE
20 MERCHANDISING, INC.; DIRECTV     § 1750, *ET SEQ.*;
   ENTERPRISES, LLC; DIRECTV
21 HOLDINGS LLC; and DIRECTV       (3) VIOLATION OF CALIFORNIA
   OPERATIONS LLC,                  BUSINESS AND PROFESSIONS
22                                  CODE § 17200, *ET SEQ.*; and
            Defendants.
23                                  (4) UNJUST ENRICHMENT.
24
                                    JURY DEMAND
25
                                    Judge:
26                                  Courtroom:
27
28

786385.4

FIRST AMENDED COMPLAINT

1    Plaintiffs Roberta and Edward Pifer ("Plaintiffs") allege the following

2    on behalf of themselves and all others similarly situated on information and belief:

3    **INTRODUCTION**

4    1.    Plaintiffs bring this proposed nationwide class action for money

5    damages, declaratory and equitable relief, and restitution and/or disgorgement

6    against satellite television provider The DirecTV Group, Inc. and its subsidiaries

7    ("DirecTV" or "Defendants"), based on DirecTV's deceptive and unlawful practice

8    of imposing hidden early termination fees.

9    **PARTIES**

10   2.    Plaintiffs Roberta and Edward Pifer are residents of Sterling,

11   Loudon County, Virginia.  In August, 2008, Plaintiffs decided to discontinue

12   DirecTV service after almost 10 years as customers.  DirecTV then assessed a $400

13   early termination fee against Plaintiffs, and charged Plaintiffs' credit card without

14   authorization.

15   3.    Defendant The DirecTV Group, Inc. is a Delaware corporation

16   that, directly and through its subsidiaries, provides satellite television service in the

17   United States, and sells and leases equipment necessary to access the service.

18   DirecTV Group, Inc.'s subsidiaries are also Defendants in this action, and include

19   DirecTV, Inc., incorporated in California; DirecTV Merchandising, Inc.,

20   incorporated in Delaware; DirecTV Enterprises, LLC, organized under Delaware

21   law; and DirecTV Operations LLC, organized under California law.  The DirecTV

22   Group, Inc., and each of its subsidiaries, has its principal place of business in this

23   District, in El Segundo, CA.

24   **JURISDICTION AND VENUE**

25   4.    This Court has original jurisdiction over this action under the

26   Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in

27   which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) at

28   least some members of the proposed class have a different citizenship from

1   DirecTV; and (3) the claims of the proposed class members exceed $5,000,000 in

2   the aggregate.

3           5.      This Court has personal jurisdiction over DirecTV, because

4   DirecTV has its principal place of business in California, and has purposefully

5   availed itself of the privilege of conducting business activities within the State of

6   California, including marketing, advertising and selling its services therein.  On

7   information and belief, DirecTV's unlawful practices described herein were

8   formulated and executed in El Segundo, CA.

9           6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)

10  because a substantial part of the events or omissions giving rise to Plaintiffs' claims

11  occurred in the Central District where DirecTV has its principal place of business,

12  and where DirecTV formulated and executed its unlawful practices.

13                    **APPLICATION OF CALIFORNIA LAW**

14          7.      California law applies to the claims and issues asserted herein.

15  Plaintiffs seek damages and equitable relief on behalf of themselves and all other

16  United States residents similarly situated, including residents of California, under

17  the laws of the State of California.

18          8.      All of DirecTV's relevant business, including the formulation

19  and execution of the unlawful practices alleged herein, was conducted out of

20  California, where DirecTV has its principal place of business.   Accordingly,

21  California has significant contacts and/or a significant aggregation of contacts to the

22  claims asserted by Plaintiffs and all Class members.

23          9.      California has a materially greater interest than any other State

24  in regulating unlawful conduct by DirecTV, which conducted its unlawful practices

25  out of its principal place of business in California, and in enforcing the rights and

26  remedies granted to United States consumers, including California residents, under

27  the California laws invoked in this Complaint.  These rights and remedies further

28  strong fundamental public policies of the State of California.

# FACTUAL ALLEGATIONS

10.     DirecTV provides satellite television service in the United States.  It sells its service directly to consumers, and also authorizes other entities ("retailers") to market its service.

11.     A subscriber must obtain certain equipment in order to receive DirecTV service, including a satellite dish, which is placed on the exterior of the subscriber's home, and a receiver, which connects the satellite dish to a television.  A separate receiver is needed for each television in the subscriber's home.

12.     Pursuant to its Equipment Lease Addendum, DirecTV treats the purchase, lease, or activation of a receiver, by a new or existing subscriber, as the triggering event for a 18-month or 24-month contract, depending on the type of receiver.  Failure to maintain DirecTV service for the contract term results in termination fees of up to $480 according to Addendum, and higher amounts in actual practice.  The Addendum is the only document that explains the hidden fee.

13.     DirecTV discloses the hidden fee to a consumer, if at all, only after its service and/or equipment has been ordered and activated.  As explained below, Plaintiffs never received the Addendum.  On information and belief, on those limited occasions when the Addendum is supplied to consumers, it is only after DirecTV service and equipment has been purchased/leased, installed, and activated, and it is furnished under the pretense that it is a work order sign-off, certifying only that the service had been installed to the consumer's satisfaction.

14.     DirecTV's early termination fee is a unilaterally-imposed, unconscionable hidden fee.  Consumers are unaware of the hidden fee prior to ordering or activating DirecTV's receivers, and have no reasonable opportunity to negotiate this fee, or to refuse the service or equipment because of it.

## Plaintiffs Roberta and Edward Pifer

15.     Plaintiffs Roberta and Edward Pifer commenced DirecTV service in or about 1999.  In May of 2008, one of their original receivers

1  malfunctioned.  Plaintiffs ordered a new receiver from DirecTV by calling its toll-

2  free number.

3         16.    DirecTV shipped the receiver to Plaintiffs, and Plaintiffs called

4  DirecTV to activate it.  Plaintiffs received an email from DirecTV confirming

5  activation of the Receiver.

6         17.    Plaintiffs were never informed that they were signing up for a

7  long-term contract or that a termination fee would be assessed upon cancellation.

8         18.    On August 29, 2008, Plaintiffs called DirecTV to discontinue

9  service after almost 10 years as customers.  The customer service representative

10  informed Plaintiffs they would owe an early termination fee of $400.  After the

11  Plaintiffs declined various promotional offers to entice continued service, the

12  representative once again informed them that the $400 termination fee would be

13  charged to any credit card on file.  Plaintiffs immediately told the representative

14  that DirecTV was not authorized to charge the fee to any of their credit cards.

15  Nevertheless, DirecTV did charge their credit card the full amount.

16         19.    Plaintiffs called DirecTV again after the termination fee was

17  assessed.  The customer service representative said nothing could be done to

18  reverse the charge.  She directed Plaintiffs to an email DirecTV sent them on

19  September 2, 2008 – four days after Plaintiffs cancelled – which supposedly

20  explained the contract term and termination fee.

21         20.    Plaintiffs sent further correspondence to DirecTV, which

22  responded by email on October 11, 2008.  It once again asserted Plaintiffs had

23  agreed to a programming commitment.  In its email, DirecTV did not explain how

24  it arrived at the value of the early termination fee, other than that the base $480

25  termination fee had been prorated.

26         21.    Plaintiffs had no reasonable opportunity to review, consider or

27  negotiate the early termination fee before placing their order for the new receiver.

28  Had Plaintiffs been apprised of the long-term contract and early termination fee at

1   the time they ordered the new receiver in May, 2008, Plaintiffs would not have

2   ordered or activated it.

3         22.   Plaintiffs' experiences are not isolated or unique.  The Better

4   Business Bureau has received over 20,000 complaints regarding DirecTV in the last

5   three years.  According to one press report, many of the complaints deal with the

6   issue of undisclosed long-term contracts and early termination fees.  Mitch Lipka,

7   "DirecTV says its cancellation fee is fair since installation is free," Boston Globe

8   online, Aug. 31, 2008, available at http://www.boston.com/business/articles/

9   2008/08/31/directv_says_its_cancellation_fee_is_fair_since_installation_is_free/.

10   Numerous complaints over the hidden early termination fee are posted on the

11   internet at sites such as www.consumeraffairs.com/cable_tv/directv_bill.html.

### The 2005 Attorney General Investigation and Settlement

13         23.   In December 2005, DirecTV settled an unfair business practices

14   investigation by 22 state attorneys general regarding "free" trials, service packages,

15   promotional equipment offers, and other similar issues.[1]  DirecTV entered an

16   Assurance Of Voluntary Compliance / Assurance Of Discontinuance ("Voluntary

17   Assurance").

18         24.   The Voluntary Assurance directly addresses DirecTV's behavior

19   with regard to its hidden long-term contracts and early termination fees.  DirecTV

20   is obligated to "clearly and conspicuously" disclose, both orally and in writing, all

21   material terms of a transaction for equipment or services, whether made through

22   DirecTV or a retailer.

23         25.   The Voluntary Assurance also affords consumers the right to

24   terminate service without penalty or cost should DirecTV fail to clearly and

25   conspicuously apprise them of material terms of its service, or should the consumer

26   discover he or she is unable to receive adequate satellite reception.

---

[1] The participating States are: DE, FL, GA, ID, IL, KS, MD, MA, MT, NE, NV, NJ, NM, NY, NC, OH, OR, PA, TN, TX, VT, and WV.

1    26. The Assurance does not affect private actions in any way, by its

2 express terms.  Indeed, violation of the Assurance is *prima facie* evidence of a

3 violation of a participating State's consumer protection statute.

4         **Fraudulent Concealment Allegations**

5    27. Plaintiffs are consumers who obtained satellite television service

6 from DirecTV, and purchased or leased receivers from DirecTV for that purpose.

7 Absent discovery, Plaintiffs are unaware of, and unable through reasonable

8 investigation to obtain, the true names and identities of those individuals at

9 DirecTV responsible for its practice of concealing the early termination fee from

10 Plaintiffs and consumers.  DirecTV necessarily is in possession of all of this

11 information.

12    28. Plaintiffs' claims arise out of DirecTV's fraudulent concealment

13 of the early termination fee.  To the extent that Plaintiffs' claims arise from

14 DirecTV's fraudulent concealment, there is no one document or communication,

15 and no one interaction, upon which Plaintiffs base their claims.  Plaintiffs allege

16 that at all relevant times, including specifically at the time they ordered DirecTV

17 service and receivers, DirecTV knew that Plaintiffs and Class members would be

18 subject to a long-term contract and early termination fee, and that DirecTV failed to

19 disclose these material facts to the Plaintiffs and Class members prior to their

20 ordering or activating DirecTV service or equipment.

21    29. The terms concealed and/or not disclosed by DirecTV to

22 Plaintiffs and the Class are material in that a reasonable person would have

23 considered them important in deciding whether or not to subscribe to DirecTV

24 service, or to purchase or lease a receiver.

25    30. DirecTV knew that the long-term contract and early termination

26 fee were material terms of its service that consumers would want to know in

27 advance of ordering or activating DirecTV service, or ordering, leasing or

28 activating new receivers.

1    31.   DirecTV had a duty to disclose the long-term programming

2  commitment and early termination fee to Plaintiffs and Class members prior to

3  completing the transaction which allegedly triggered these contractual obligations.

4    ·32.   Plaintiffs make the following specific fraud allegations with as

5  much specificity as possible absent access to the information necessarily available

6  only to DirecTV:

7    a.   **Who**: DirecTV concealed the early termination fee from

8  Plaintiffs and the Class.  Plaintiffs are unaware of, and therefore unable to identify,

9  the true names and identities of those individuals at DirecTV responsible for such

10 decisions.

11    b.   **What**: DirecTV knew and fraudulently concealed or

12 intentionally failed to disclose the material facts that purchasing or leasing a

13 receiver would activate a long-term service contract with a provision for early

14 termination fees.

15    c.   **When**: DirecTV concealed this material information at

16 all times, starting no later than 1999, continuing through the time of Plaintiffs'

17 purchase of the service and/or receivers, and on an ongoing basis continuing to this

18 day.  DirecTV only discloses the early termination fee after the relevant transaction

19 has been completed, or when subscribers, such as Plaintiffs here, seek to terminate

20 service.

21    d.   **Where**: DirecTV concealed this material information in

22 its communication with Plaintiffs (until after it assessed the early termination fee

23 against them), and the Class.  Further, while this information appears on the

24 Equipment Lease Addendum, this document was not given to Plaintiffs.  On

25 information and belief, the Addendum is supplied to Class members, if at all, only

26 after DirecTV service and equipment has been purchased/leased, installed, and

27 activated, and is furnished under the pretense that it is a work order sign-off,

28 certifying only that the service had been installed to Class members' satisfaction.

1    Similarly, the disclosures on DirecTV's website are intended to escape the notice of

2    Plaintiffs and the Class, most of whom order service and equipment by telephone,

3    and are not directed to the website for additional terms of service at the time of their

4    initiating transactions.

5            e.     **How**:  DirecTV concealed this material information by

6    not disclosing it to Class members, as was the case with Plaintiffs, or by disclosing

7    the terms in a document offered under false pretenses after the relevant transaction

8    had been completed, as described in the preceding paragraph.  DirecTV concealed

9    these terms even though it knew this information and knew that it would be

10   important to a reasonable consumer in deciding whether to order and activate

11   DirecTV service and/or equipment.

12           f.      **Why**:  DirecTV concealed this material information for

13   the purpose of inducing Plaintiffs and Class members to subscribe to DirecTV

14   service and/or lease a receiver.  Had DirecTV disclosed the truth, Plaintiffs (and

15   reasonable consumers) would not have subscribed to DirecTV and/or leased

16   receivers.

17           33.    Plaintiffs and the Class justifiably acted or relied upon to their

18   detriment the concealed and/or non-disclosed facts as evidenced by their

19   subscription to DirecTV service, and/or their purchase or lease of receivers.  Had

20   they known of the hidden contract terms, Plaintiffs and Class members would not

21   have subscribed to DirecTV service, and would not have purchased or leased

22   DirecTV's receivers.

23                    **TOLLING OF THE STATUTE OF LIMITATIONS**

24           34.    The causes of action alleged herein accrued upon discovery of

25   the fraudulently concealed contract terms and termination fees.  Because DirecTV

26   systematically conceals these material terms, Plaintiffs and members of the Class

27   did not discover and could not have discovered them until DirecTV asserted the

28   rights conferred upon it by these hidden terms, usually by charging the early

1    termination fee against an unsuspecting consumer.  Moreover, Plaintiffs and Class

2    members had no reason to conduct an investigation into these hidden terms, and a

3    reasonable and diligent investigation would not have revealed them.

4            35.    Any applicable statutes of limitation have been tolled by

5    DirecTV's knowing and active concealment of these material terms, and denial of

6    the facts as alleged herein, which concealment is ongoing.  Plaintiffs and the Class

7    have been kept ignorant of vital information essential to the pursuit of these claims,

8    without any fault or lack of diligence on their part.  Plaintiffs and members of the

9    Class could not reasonably have discovered the hidden, material terms including the

10   term commitment and attendant termination fee.  In addition, DirecTV continues to

11   sell and lease its receivers without disclosing the hidden terms.

12           36.    DirecTV was and is under a continuous duty to disclose to the

13   Plaintiffs and Class the hidden term commitment and the early termination fees.

14   DirecTV knowingly, affirmatively, and/or actively concealed these terms, which

15   concealment is ongoing.  DirecTV continues to sell and lease its receivers without

16   disclosing the hidden terms.  Furthermore, Plaintiffs and Class members reasonably

17   relied upon DirecTV's knowing, affirmative, and/or active concealment.  Based on

18   the foregoing, DirecTV is estopped from relying on any statutes of limitation in its

19   defense of this action.

20                        **CLASS ALLEGATIONS**

21           37.    Plaintiffs bring this lawsuit as a class action on behalf of

22   themselves and all others similarly situated as members of a proposed plaintiff

23   Class pursuant to Federal Rule of Civil Procedure 23.  This action satisfies the

24   numerosity, adequacy, typicality and commonality requirements of Rule 23(a), and

25   the predominance and superiority requirements of Rule 23(b)(3).

26           38.    The Class is defined as:

27           All United States residents who have paid, or have been

28           assessed, a DirecTV early termination fee that was not

1     adequately disclosed to them prior to their purchase or

2     lease of DirecTV receivers.

3          39.     Excluded from the Class are: (1) DirecTV, any entity or division

4     in which DirecTV has a controlling interest, and its/their legal representatives,

5     officers, directors, assigns and successors; (2) the judge to whom this case is

6     assigned and any member of the judge's immediate family; and (3) claims for

7     personal injury, wrongful death and emotional distress and claims of consequential

8     property damage and loss.

9     **I.     Numerosity**

10          40.     On information and belief, the Class is comprised of many

11    thousands of DirecTV subscribers throughout the United States, making joinder

12    impractical.

13    **II.     Typicality**

14          41.     The claims of the representative Plaintiffs are typical of the

15    claims of the Class in that the representative Plaintiffs, like all members, subscribe

16    or did subscribe to DirecTV service, and were subject to undisclosed term

17    commitments and early termination fees.

18          42.     Furthermore, the factual bases of DirecTV's misconduct are

19    common to all Class members and represent a common thread of fraudulent

20    misconduct resulting in injury to all members of the Class.

21    **III.     Adequacy**

22          43.     Plaintiffs will fairly and adequately represent and protect the

23    interests of the Class.  Plaintiffs have retained counsel with substantial experience

24    in prosecuting consumer class actions, including actions involving defective

25    products.

26          44.     Plaintiffs and their counsel are committed to vigorously

27    prosecuting this action on behalf of the Class, and have the financial resources to do

28    so.  Neither Plaintiffs nor their Counsel have interests adverse to those of the Class.

## IV.    **Commonality and Predominance Of Common Issues**

45.    There are numerous questions of law and fact common to all Class members, and those questions predominate over any questions that may affect only individual Class members.  DirecTV subjected Plaintiffs and Class members to the same unlawful, undisclosed contractual terms and early termination fees.

46.    The predominant, common questions include the following:

a.    Whether DirecTV failed to adequately disclose the long-term contract and early termination fee;

b.    Whether DirecTV actively concealed or intentionally failed to disclose information regarding the long-term contract and early termination fee;

c.    Whether the information DirecTV concealed or failed to disclose was material;

d.    Whether DirecTV was under a duty to inform Plaintiffs and the Class about the contract and early termination fees;

e.    Whether Plaintiffs and the Class acted to their detriment on DirecTV's concealment and/or omissions;

f.    Whether DirecTV has been unjustly enriched such that it would be inequitable for DirecTV to retain the benefits conferred upon it by Plaintiffs and the Class;

g.    Whether compensatory, consequential and punitive damages ought to be awarded to Plaintiffs and the Class;

h.    Whether DirecTV's early termination fee is an illegal assessment of liquidated damages;

i.    Whether DirecTV should be declared responsible for notifying all Class members of the hidden contract terms;

j.    Whether injunctive relief is appropriate and the terms of such relief;

k.      Whether other relief is appropriate and what that relief should be.

## V.   **Superiority**

47.     Absent class treatment, Plaintiffs and members of the Class will continue to suffer harm and damages as a result of DirecTV's unlawful and wrongful conduct.

48.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Without a class action, individual Class members would face burdensome litigation expenses, deterring them from bringing suit or adequately protecting their rights.  Because of the relatively modest economic value of the individual Class members' claims, few could likely seek their rightful legal recourse.  Absent a class action, Class members would continue to incur harm without remedy, while DirecTV would continue to reap the benefits of its misconduct.

49.     The consideration of common questions of fact and law will conserve judicial resources and promote a fair and consistent resolution of these claims.

## **FIRST CAUSE OF ACTION**

### **(Unlawful Assessment of Liquidated Damages, Civ. Code § 1671(d))**

50.     Plaintiffs incorporate by reference the allegations contained in preceding paragraphs of this Complaint.

51.     DirecTV's Customer Agreement and Equipment Lease Addendum are contracts for the retail purchase or rental of services and equipment primarily for consumers' personal, family, or household purpose.  Cal. Civ. Code § 1671(c)(1).

52.     The early termination fee is a liquidated damage provision meant to compensate DirecTV for a customer's early termination of the alleged contract.

53. The early termination fee is an unlawful liquidated damages provision pursuant to Civ. Code § 1671(d) for any of the following reasons:

a. Plaintiffs and Class members did not "agree" with DirecTV that the early termination fee was the presumed amount of damages sustained when consumers terminate DirecTV service, as neither the alleged contract nor the termination fee were disclosed to Plaintiffs and Class members.

b. It is neither impracticable nor extremely difficult to determine the actual damage to DirecTV when service is terminated.

c. The early termination fee, costing up to $480 according to the Equipment Lease Addendum, and even greater amounts in actual practice, bears no reasonable relationship to the cost to DirecTV when service is terminated.

54. Plaintiffs have suffered damage as a direct and proximate result of DirecTV's violation of § 1671, in that they were forced to pay excessive and unreasonable early termination fees.

## SECOND CAUSE OF ACTION

## (Violation of the Consumers Legal Remedies Act, Civ. Code § 1750, et. seq.

55. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

56. Defendant DirecTV, and each of its subsidiaries, is a "person" as defined by Civil Code § 1761(c).

57. Plaintiffs and the Class members are "consumers" within the meaning of Civil Code §1761(d).

58. DirecTV's satellite television service is a "service" within the meaning of Civil Code § 1761(b).

59. DirecTV's receivers are "goods" within the meaning of Civil Code § 1761(a).

60. Venue is proper pursuant to Civil Code § 1780(c) because DirecTV has its principal place of business in this District. A Declaration of the

1   Plaintiffs establishing this Court as the proper venue for this action is attached

2   hereto as Exhibit A.

3      61. DirecTV violated § 1770(a)(14)'s proscription against

4   representing that a transaction confers or involves rights, remedies, or obligations

5   which it does not have or involve, or which are prohibited by law, both by

6   concealing the early termination fee from consumers, and from assessing the fee

7   against Plaintiffs and Class members.

8      62. DirecTV violated § 1770(a)(19) by inserting unconscionable

9   provisions in its Customer Agreement, including clauses that purport to force

10   consumers to settle all disputes only by arbitration, and to waive any right to bring a

11   suit as a "representative member of a class or in a private attorney general

12   capacity."

13      63. Under California law, DirecTV had a duty to disclose the long-

14   term programming commitment and early termination fee to Plaintiffs and Class

15   members prior to completing the transaction which allegedly triggered these

16   contractual obligations.

17      64. The facts concealed by DirecTV were material, in that a

18   reasonable person would have considered them important in deciding whether or

19   not to subscribe to DirecTV service, and/or purchase or lease receivers.

20      65. DirecTV's concealment and deceptive practices, in violation of

21   the CLRA, were designed to induce Plaintiffs and the members of the Class to

22   subscribe to DirecTV service, and to purchase or lease receivers.

23      66. DirecTV intended to do the act that was deceptive and/or

24   fraudulent, namely, to market DirecTV service, and to market, distribute, sell and

25   lease receivers, without disclosing the material terms of service described herein.

26      67. Plaintiffs and the Class suffered actual damages as a direct result

27   of DirecTV's concealment and/or omissions in violation of the CLRA, as evidenced

28   by DirecTV's assessment of early termination fees.

68.    To this day, DirecTV continues to violate the CLRA by concealing material terms of its service agreements, by imposing undisclosed contracts, and by assessing unreasonable early termination fees.

69.    Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against DirecTV under the CLRA for injunctive relief in the form of restitution and/or disgorgement of early termination fees paid to DirecTV, an order enjoining DirecTV from enforcing the undisclosed term commitment and early termination fee, and an award of attorneys' fees.

70.    In accordance with Section 1782(a) of the CLRA, Civ. Code § 1782(a), on November 6, 2008, Plaintiffs' counsel served DirecTV with notice of its alleged violations of the CLRA by certified mail, return receipt requested.  A true and correct copy of that notice is attached hereto as Exhibit B.

71.    If DirecTV fails to provide appropriate relief for its violations of the CLRA within 30 days of Plaintiffs' November 5, 2008 notification letter, Plaintiffs will amend this complaint to seek compensatory and exemplary damages, pursuant to Cal. Civ. Code §§ 1780, 1782(b).

## THIRD CAUSE OF ACTION

### (Violation of Business & Professions Code Sections 17200, *et seq.*)

72.    Plaintiffs incorporate by reference the allegations contained in preceding paragraphs of this Complaint.

73.    Business & Professions Code § 17200 prohibits acts of "unfair competition." As used in this section, "unfair competition" encompasses three distinct types of misconduct: (a) "unlawful...business acts of practices;" (b) "unfair or fraudulent business acts of practices;" and (c) "unfair, deceptive or misleading advertising."

74.    DirecTV violated the Unfair Business Practices Act, Business and Professions Code §§ 17200 and 17500, *et seq.*, by engaging in conduct that

1   violated each of the three prongs identified by the statute and outlined in Paragraph

2   73 above.

3          75.    DirecTV committed an unlawful business act or practice in

4   violation of the Unfair Business Practices Act, Business and Professions code §

5   17200, *et seq.*, when it violated Cal. Civ. Code § 1671, as alleged in paragraphs 50-

6   54 above.

7          ·76.    DirecTV committed an unlawful business act or practice in

8   violation of the Unfair Business Practices Act, Business and Professions code

9   § 17200, *et seq.*, when it violated the CLRA as alleged in paragraphs 55-71 above.

10         77.    DirecTV committed unfair and fraudulent business acts and

11  practices in violation of the Unfair Business Practices Act, Business and

12  Professions Code §§ 17200 and 17500, *et seq.*, by actively concealing and omitting

13  from its advertising, marketing and other communications (including, *inter alia*,

14  DirecTV's direct telephone communications to the Plaintiffs and the Class) material

15  information about the terms of DirecTV service in a manner that is deceptive and

16  likely to deceive consumers and the public.

17         78.    DirecTV disseminated unfair, deceptive, untrue and/or

18  misleading advertising in violation of the Unfair Business Practices Act,

19  Business & Professions Code §§ 17200 and 17500, *et seq.*, when it concealed

20  and/or failed to disclose the term commitment and early termination fee in its

21  advertising, marketing, other broadly disseminated representations, and direct

22  communications with Plaintiffs and Class members.

23         79.    To this day, DirecTV continues to violate the Unfair Business

24  Practices Act by continuing to actively conceal material terms of its service, by

25  failing to disclose that leasing or activating a receiver triggers a long-term contract

26  with an early termination fee.

27

28

80.     As a direct and proximate cause of DirecTV's violation of the Unfair Business Practices Act, Plaintiffs and the Class have suffered harm in that they have been charged early termination fees.

81.     As a proximate result of DirecTV's violation of the Business and Professions Code § 17200, *et seq.*, DirecTV has been unjustly enriched and should be required to make restitution to Plaintiffs and the Class or disgorge its ill-gotten profits pursuant to Sections 17203 of the Business & Professions Code.

82.     Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against DirecTV for injunctive relief in the form of restitution, and/or disgorgement of funds paid to DirecTV as early termination fees and injunctive relief forbidding DirecTV from enforcing its term commitments and early termination fees.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

83.     Plaintiffs incorporate by reference the allegations contained in preceding paragraphs of this Complaint.

84.     By its wrongful acts and omissions described herein, including imposing undisclosed long-term contracts and assessing undisclosed early termination fees, DirecTV was unjustly enriched at the expense of Plaintiffs and the Class.

85.     It would be inequitable for DirecTV to retain the profits, benefits, and other compensation obtained by it from its wrongful conduct in actively concealing material terms of its service.

86.     Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution from DirecTV, and an order of this Court disgorging profits, benefits, and other compensation obtained by DirecTV from its wrongful conduct in concealing the term commitment and early termination fee.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and the members of the Class, demand judgment against DirecTV as follows:

A.      An order certifying the proposed Class and any appropriate subclasses and designating Plaintiffs as Class Representatives and their counsel as Class Counsel;

B.      Monetary damages, including but not limited to any compensatory, incidental or consequential damages commensurate with proof at trial for the acts complained of herein;

C.      Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

D.      A declaration that DirecTV is financially responsible for notifying all Class members of the pendency of this action;

E.      A permanent injunction mandating that DirecTV cease enforcement of the term commitment and early termination fee provisions of the Equipment Lease Addendum;

F.      A declaration that DirecTV must disgorge, for the benefit of the Class, all or part of its ill-gotten profits it received from the collection of early termination fees, and from the collection of monthly subscription fees paid to avoid the assessment of an early termination fee;

G.      Reasonable costs and attorneys' fees;

H.      All other relief the Court deems just and appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, on behalf of themselves and the proposed Class, demand a jury trial in this action for all of the claims so triable.

Dated:  November 12, 2008          Respectfully submitted,

                                   By: _____ for Jonathan D. Selbin
                                       Jonathan D. Selbin

                                   LIEFF, CABRASER, HEIMANN
                                     & BERNSTEIN, LLP
                                   780 Third Avenue, 48th Floor
                                   New York, NY  10017-2024
                                   Telephone:  (212) 355-9500
                                   Facsimile:  (212) 355-9592


                                   Kristen E. Law
                                   Nimish R. Desai
                                   LIEFF, CABRASER, HEIMANN
                                     & BERNSTEIN, LLP
                                   275 Battery Street, 30th Floor
                                   San Francisco, CA 94111-3339
                                   Telephone:  (415) 956-1000
                                   Facsimile:  (415) 956-1008

                                   Anthony L. Vitullo
                                   FEE, SMITH, SHARP & VITULLO, LLP
                                   Three Galleria Tower
                                   13155 Noel Road, Suite 1000
                                   Dallas, Texas 75240

                                   Attorneys for Plaintiffs and the Proposed Class

# Exhibit A

1  Jonathan D. Selbin (CA Bar No. 170222)
   jselbin@lchb.com
2  LIEFF, CABRASER, HEIMANN
    & BERNSTEIN, LLP
3  780 Third Avenue, 48th Floor
   New York, NY 10017-2024
4  Telephone: (212) 355-9500
   Facsimile: (212) 355-9592
5
   Kristen E. Law (CA Bar No. 222249)
6  Nimish R. Desai (CA Bar No. 244953)
   LIEFF, CABRASER, HEIMANN
7    & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
8  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
9  Facsimile: (415) 956-1008

10 *Attorneys for Plaintiffs*

11 [Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA and EDWARD PIFER, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| | CLASS ACTION |
| Plaintiffs, | DECLARATION OF ROBERTA PIFER |
| v. | |
| DIRECTV, INC.; DIRECTV MERCHANDISING, INC.; DIRECTV ENTERPRISES, LLC; DIRECTV HOLDINGS LLC; DIRECTV OPERATIONS LLC; and THE DIRECTV GROUP, INC., | Judge: Courtroom: |
| Defendants. | |

I, Roberta Pifer, hereby declare and state as follows:

1.   I am over the age of 18, and a Plaintiff in this action. The facts contained in this declaration are based on my personal knowledge, and if called upon to do so, I could and would testify competently hereto.

2.   The complaint in this action, filed concurrently with this declaration, is filed in the proper place for trial under Civil Code § 1780(c), because

1   all of the Defendants have their principal place of business in this District, in El

2   Segundo, CA.

3          I declare under penalty of perjury under the laws of the United States

4   and the State of California that the foregoing is true and correct.

5          Executed on November _10_, 2008, in Sterling, Virginia.

6

7                     _Roberta S. Pifer_

8                        Roberta Pifer

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit B

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

KRISTEN E. LAW
PARTNER

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
NASHVILLE

November 6, 2008

## VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Chase Carey
President and Chief Executive Officer
The DirecTV Group, Inc.
2230 East Imperial Highway
El Segundo, CA 90245

Larry D. Hunter
Executive Vice President,
General Counsel and Secretary
The DirecTV Group, Inc.
2230 East Imperial Highway
El Segundo, CA 90245

Re:   Notice and Demand Letter Re: DirecTV Hidden Early Termination Fees

Dear Messrs Carey and Hunter:

Together with our co-counsel, Fee, Smith, Sharp &Vitullo, LLP, we represent Roberta and Edward Pifer. Pursuant to the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.* (specifically, §§ 1782(a)(1) and (2)), the Pifers, on behalf of themselves and all other similarly situated consumers nationwide (collectively, the "Class"), through their undersigned counsel, hereby notify you that The DirecTV Group, Inc. and its subsidiaries, including DirecTV, Inc., DirecTV Merchandising, Inc., DirecTV Enterprises, LLC, DirecTV Holdings LLC, and DirecTV Operations LLC (collectively, "DirecTV"), are alleged to have violated the CLRA by marketing, advertising and selling its satellite television service while concealing material terms of the service from consumers, including long-term contract commitments of up to 2 years, and early termination fees ranging above $500. We hereby demand that within 30 days of your receipt of this letter, DirecTV refund the early termination fees assessed against the Pifers and all other affected consumers in the United States, and cease enforcement of these hidden terms.

Roberta and Edward Pifer are residents of Sterling, Virginia. In August, 2008, the Pifers decided to discontinue DirecTV service after almost 10 years as customers. In response, DirecTV charged a $400 early termination fee to Plaintiffs' credit card without their authorization. DirecTV claims the Pifers agreed to a two-year programming commitment when they activated a new receiver in May 2008, which was purchased to replace an original receiver which malfunctioned. The programming commitment and early termination fee were not disclosed to the Pifers when they called DirecTV's toll-free number to order the receiver, or when they later called to activate it. An email to the Pifers confirming their purchase did not mention these terms either. In fact, the very first mention of these terms was when the Pifers called DirecTV to cancel their service in August.

Chase Carey
Larry D. Hunter
November 6, 2008
Page 2

Online postings reveal that many other individuals have been wronged by DirecTV's deceptive practice of concealing the programming commitment and termination fee. Indeed, DirecTV appears to be in direct violation of the Assurance of Voluntary Compliance/Assurance of Discontinuance it entered in response to an investigation by 22 state attorneys general in 2005.

DirecTV's unfair business practices have caused significant financial consequences for our clients and consumers throughout the country. DirecTV's active concealment of these material contract terms, including the early termination fee, is highly deceptive and is violative of the CLRA in the following ways:

1. DirecTV violated § 1770(a)(14) because it failed to adequately disclose the early termination fee, and because the fee provision is an unlawful liquidated damages provision pursuant to Cal. Civ. Code § 1671.

2. DirecTV violated § 1770(a)(19) by inserting unconscionable provisions in its Customer Agreement, including clauses that purport to force consumers to settle all disputes only by arbitration, and to waive any right to bring a suit as a "representative member of a class or in a private attorney general capacity."

Pursuant to § 1782 of the CLRA, and based on the foregoing, we hereby demand that within thirty (30) days of receiving this letter, DirecTV agree to refund the early termination fee paid by Plaintiffs and others like them, and to cease enforcement of the hidden contract terms.

Please be advised that should DirecTV refuse this demand, Mr. and Mrs. Pifer will seek monetary damages for themselves and the Class, as well as an award of injunctive relief, restitution, punitive damages, attorneys' fees and costs, and any other relief a court deems proper.

If you have any questions regarding this notice and demand, feel free to contact me at (415) 956-1000.

Very truly yours,

Kristen E. Law

KEL:wp
cc:    Jonathan D. Selbin
       Nimish R. Desai
       Anthony Vitullo
786992.1